**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PURDUE PHARMACEUTICAL PRODUCTS L.P., PURDUE PHARMA L.P., and PURDUE PHARMA TECHNOLOGIES INC., <br><br>    Plaintiffs, <br><br>    v. <br><br> HOSPIRA, INC., <br><br>    Defendant. <br><br> HOSPIRA, INC., <br><br>    Plaintiff, <br><br>    v. <br><br> PURDUE PHARMACEUTICAL PRODUCTS L.P., PURDUE PHARMA L.P., and PURDUE PHARMA TECHNOLOGIES INC., <br><br>    Defendants. | Civil Action No. 10-cv-6471 <br><br> Judge Elaine E. Bucklo <br><br> Magistrate Judge Sidney I. Schenkier |

**HOSPIRA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
ANY CLAIMS PREMISED ON CONTRIBUTORY OR INDUCED INFRINGEMENT**

Plaintiffs' Complaint Paragraph 19 appears to assert legal conclusions based on contributory infringement and inducement of infringement, but nothing in Plaintiffs' Complaint sets forth any factual allegations that could plausibly support those conclusions. Rule 8 requires more to plead any claim, including indirect infringement, but Plaintiffs have not (and cannot) satisfied even the most minimal burden of pleading facts. Accordingly, Plaintiffs' Complaint should be dismissed under Rule 12(b)(6) to the extent that Plaintiffs seek to state a claim based on contributory infringement or inducement of infringement.

**FACTUAL BACKGROUND**

Plaintiffs Purdue Pharmaceutical Products L.P., Purdue Pharma L.P., and Purdue Pharma Technologies Inc. (collectively, "Purdue") filed their Complaint on October 8, 2010. (Dkt. #1.) As Purdue states:

> This action relates to a New Drug Application ("NDA") submitted by Hospira to the United States Food and Drug Administration ("FDA") for approval to market injectable hydromorphone hydrochloride products.

(Dkt. #1, ¶ 5.) Specifically, Purdue asserts that Hospira has infringed U.S. Patent No. 6,589,960 ("the '960 patent"), a patent that covers "Hydromorphone and Hydrocodone Compositions and Methods for Their Synthesis," by filing

> NDA No. 200403 to the FDA under § 505(b)(2) of the Federal Food, Drug, and Cosmetic Act to obtain approval to engage in the commercial manufacture, importation, use, offer for sale, and/or sale of injectable hydromorphone hydrochloride products containing 1, 2, and 4 mg/mL hydromorphone hydrochloride . . . before the expiration of the '960 Patent.

(Dkt. #1, ¶¶ 9, 13.) That is, Purdue's Complaint is based on what it believes to be the "paper act of infringement" established by 35 U.S.C. § 271(e)(2)(A). ("It shall be an act of infringement to submit . . . an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act or described in section 505(b)(2) of such Act for a drug claimed in a patent or the use of which is claimed in a patent.").

Purdue's Complaint does not include any allegations regarding any third party that has infringed the '960 patent or Hospira selling a component of any composition claimed in the '960 patent. Nonetheless, Complaint Paragraph 19 appears to seek redress for active inducement of infringement and/or contributory infringement:

> Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of the Hospira Products prior to patent expiration will infringe, *contribute to the infringement of, and/or induce the infringement of* one or more claims of the '960 Patent.

2

(Dkt. #1, ¶ 19 (emphasis added)). Because there are no factual allegations that could support a claim for inducement of infringement or contributory infringement, Hospira requests this Court to dismiss Purdue's Complaint to the extent that it is premised on those grounds. *See* 35 U.S.C. § 271(b) & (c).

## ARGUMENT

A complaint cannot survive a motion to dismiss under Rule 12(b)(6) unless it satisfies the pleading requirements of Rule 8(a), that the pleading set forth a "plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 12(b)(6). Recent Supreme Court jurisprudence has made it clear that such a "plain statement of the claim" requires more than "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007)). Instead, the complaint must include "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (emphasis added; citations omitted). Those pleading requirements must be met in patent infringement cases just as they must in other cases. *See, e.g., Yip v. Hugs to Go LLC*, No. 08-4746, 2010 WL 2162639, at *4 (Fed. Cir. May 28, 2010); *Source One Global Partners, LLC v. KGK Synergize, Inc.*, No. 08-7403, 2009 WL 2192791, at *7-8 (N.D. Ill. July 21, 2009)(Schenkier, M.J.); *Filipek v. Krass*, 576 F. Supp. 2d 918, 922-23 (N.D. Ill. 2008); *see also Iqbal*, 129 S. Ct. at 1953 (indicating that pleading standards are based on "interpretation and application of Rule 8).

Purdue has not set forth *any* factual content related to claims for active inducement of infringement or contributory infringement. Under such circumstances, courts have not hesitated to dismiss the assertions of infringement. *See, e.g., Bender v. Motorola, Inc.*, No. 09-1245, 2010

3

WL 726739, at *4 (N.D. Cal. Feb. 26, 2010); *Realtime Data, LLC v. Stanley*, No. 09-326, 2010 WL 2403876, at *1, 4-5 (E.D. Tex. May 7, 2010); *Elan Microelectronics Corp. v. Apple, Inc.*, No. 09-01531, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009); *Anticancer, Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal. 2007). This Court should do the same in this case and dismiss any allegations of active inducement of infringement or contributory infringement from Purdue's Complaint.

## CONCLUSION

Purdue has pled no facts that could support a claim for active inducement of infringement (under 35 U.S.C. § 271(b)) or contributory infringement (under 35 U.S.C. § 271(c)). As a matter of law, a complaint devoid of factual support for a claim must be dismissed under Rule 12(b)(6). Accordingly, this Court should dismiss any allegations relating to active inducement of infringement or contributory infringement from Purdue's Complaint.

Date: December 7, 2010                                             Respectfully submitted,

/s/ *Joshua R. Rich*
Joshua R. Rich
Paul S. Tully
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive, Suite 3200
Chicago, IL 60606
Telephone: 312-913-0001
Facsimile: 312-913-0002
Attorneys for Defendant
Hospira, Inc.

4

5

## CERTIFICATE OF SERVICE

  I herby certify that this document has been served on all counsel of record by means of the Court's ECF system on this day, December 7, 2010.

              /s/ *Joshua R. Rich*
              Joshua R. Rich