# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6471 | **DATE** | 3/14/2011 |
| **CASE TITLE** | Purdue Pharmaceutical Products L.P. et al. v. Hospira, Inc. | | |

**DOCKET ENTRY TEXT**

Motion by Defendant Hospira, Inc. to dismiss any Assertions of Induced or Contributory Infringement from the First Amended Complaint [26] is denied.

■[ For further details see text below.]　　　Docketing to mail notices.

## STATEMENT

　　Plaintiffs, Purdue Pharmaceutical Products L.P., Purdue Pharma L.P., and Purdue Pharma Technologies, Inc. (together "Purdue"), sued defendant Hospira, Inc. ("Hospira") for infringing patent 6,589,960 ("the '960 Patent") relating to hydromorphone hydrochloride products. Count I of Purdue's complaint alleges both direct and indirect infringement by Hospira. The indirect infringement claim is based on theories both of inducing infringement and contributory infringement. (Count II, which is not at issue here, seeks a declaratory judgment of infringement).

　　Hospira does not object to the direct infringement claim; however, it insists that the indirect infringement claim must be dismissed because it is insufficiently pleaded. Purdue has voluntarily withdrawn its contributory infringement claim. *See* Pls.' Resp. at 1. (Hospira contends that the claim should be dismissed with prejudice. At this stage, however, dismissal without prejudice is appropriate). Hospira's motion therefore centers on whether Purdue's inducing infringement claim should be dismissed.

　　"To prove a claim of inducing infringement, a plaintiff must show that the alleged infringer's actions induced infringing acts and that the alleged infringer knew or should have known his or her actions would induce actual infringements." *Callpod, Inc. v. GN Netcom, Inc.*, 703 F. Supp. 2d 815, 838 (N.D. Ill. 2010). Hospira briefly argues that the complaint fails to state a claim for inducing infringement. For example, Hospira argues that Purdue fails to identify the specific third-parties whose infringement it allegedly

**STATEMENT**

induced. However, Hospira never cites any authority suggesting the necessity of identifying specific third parties. Hospira also argues in passing that Purdue has failed to allege direct infringement by the third party. That simply is not so. *See* Am. Compl. ¶ 14 ("Upon information and belief, Hospira offers to sell and sells Hospira Commercial Products to one or more third parties. Upon information and belief, third parties use, offer for sale, and/or sell Hospira Commercial Products in the United States. Upon information and belief, Hospira obtains hydromorphone compositions, covered by one or more claims of the '960 Patent, from one or more third parties who manufacture said compositions.").

Hospira's main argument is that the complaint fails to allege "actions that would induce actual infringement." According to Hospira, "it is not enough for a plaintiff to plead and prove that an alleged inducer knew of a third party's direct infringement and intended that third party to infringe; the accused party must have undertaken "actions [that] induced infringement." Reply at 3. Hospira goes on to point out that "the Federal Circuit has clearly established that merely making, using, offering for sale, selling, or importing an allegedly patent product – the only actions that Purdue accuses Hospira of performing here – are insufficient to support a claim for inducement." *Id.* I disagree. In point of fact, Purdue's complaint specifically alleges active inducement. *See, e.g.*, Compl. ¶ 23 ("Upon information and belief, Hospira has *actively induced* one or more third parties to infringe, either literally or under the doctrine of equivalents, one or more claims of the '960 Patent, and Hospira knew or should have known that its actions would induce actual infringement of the '960 Patent.") (emphasis added).

For these reasons, Hospira's motion to dismiss is denied.